THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | |
|---|---|
| In re:<br><br>MOLECULAR INSIGHT<br>PHARMACEUTICALS, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 10-23355 (FJB) |

### ADMINISTRATIVE ORDER ESTABLISHING PROCEDURES FOR INTERIM AND MONTHLY COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the motion (the "Motion")[2] filed by the above-captioned debtor and debtor in possession (the "Debtor") seeking entry of an administrative order pursuant to sections 105 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") and MLBR 9009-2 establishing procedures for interim compensation and reimbursement of expenses of professionals retained in this case in accordance with MLBR Appendix 6; appropriate notice of the Motion having been provided in the particular circumstances; no objection to the Motion having been filed; and this Court having reviewed the Motion and having found good cause for the relief sought therein,

IT IS HEREBY ORDERED, FOUND, AND DETERMINED THAT:

1. The Motion is granted.

2. Except as may otherwise be provided in orders of this Court authorizing the retention of specific professionals sought to be retained by the Debtor and any appointed statutory committee of unsecured creditors, all professionals in this case may seek interim

---

[1] The last four digits of the Debtor's tax identification number are 2086.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

compensation and reimbursement of expenses in accordance with the procedures set forth in Schedule 1 annexed hereto (the "Interim Compensation Procedures").

3. Notice of the interim and final fee applications shall be served on (a) the Notice Parties and (b) all parties that have filed a notice of appearance with the Clerk of this Court and requested such notice. The Notice Parties shall be entitled to receive both the fee applications and the notice of hearing thereon (the "Hearing Notice"), and all other parties entitled to notice shall be entitled to receive only the Hearing Notice. Notice given in accordance with this paragraph is deemed sufficient and adequate and in full compliance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the MLBR.

4. All time periods referenced in this Order shall be calculated in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure.

5. Notwithstanding Rules 6004(h), 7062 and 9014 of the Federal Rules of Bankruptcy Procedure the terms and conditions of this Order shall be immediately effective upon its entry.

6. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Boston, Massachusetts
January 11, 2011

_____
FRANK J. BAILEY
Chief United States Bankruptcy Judge

## SCHEDULE 1

**Interim Compensation Procedures**

## SCHEDULE 1

**Interim Compensation Procedures**

### Interim Compensation Procedures

1. **Scope of Applicability**

   All Professionals[1] retained in this Chapter 11 Case pursuant to 11 U.S.C. §§ 327 and 1103 may seek postpetition interim compensation pursuant to this order and these procedures (the "Administrative Fee Order").

2. **Submission and Monthly Statements**

   On or before the twenty-fifth (25th) day of each month following the month for which compensation is sought, each Professional seeking compensation pursuant to this Administrative Fee Order shall serve a monthly fee and expense statement (the "Monthly Fee Statement") upon the following persons (collectively, the "Notice Parties"):

   A. Molecular Insight Pharmaceuticals, Inc., 160 Second Street Cambridge, MA 02142, Attention: Harry Stylii;

   B. Kramer Levin Naftalis & Frankel LLP, proposed bankruptcy counsel for the Debtor, 1177 Avenue of the Americas, New York, New York 10036, Attention: Kenneth H. Eckstein, Esq.;

   C. Riemer & Braunstein LLP, proposed Massachusetts local bankruptcy counsel to the Debtor, Three Center Plaza, Boston, Massachusetts 02108, Attention: Christopher M. Candon, Esq.;

   D. Office of the United States Trustee, John W. McCormack Post Office and Court House, 5 Post Office Square, Suite 1000 Boston, Massachusetts 02109-3945;

   E. Bingham McCutchen LLP, attorneys for the Bondholders, 399 Park Avenue, New York, New York 10022, Attention: Jeffrey S. Sabin, Esq. and Jonathan B. Alter, Esq.;

   F. Emmet, Marvin & Martin, LLP, Attorneys for the Indenture Trustee, 120 Broadway, 32nd Floor, New York, NY 10271, Attention: Elizabeth M. Clark, Esq.;

   G. Wilmer Cutler Pickering Hale & Dorr LLP, Attorneys for the Equity Investor, 399 Park Avenue, New York, NY 10022, Attention: Andrew Goldman, Esq.;

   H. counsel to any official committees; and

   I. any other party the Court may so designate.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

3. <u>Content of Monthly Fee Statement</u>

Each Monthly Fee Statement shall contain an itemization of time spent and the applicable hourly rate. All timekeepers must maintain contemporaneous time entries in increments of one-tenth (1/10th) of an hour except to the extent the Court's order approving the retention of such Professional waives this requirement.

4. <u>Review Period</u>

Each person receiving a Monthly Fee Statement shall have twenty (20) days after service of the Monthly Fee Statement to review it and serve an objection (the "<u>Objection Period</u>").

5. <u>Payment</u>

In the absence of a timely served objection, the Estate Representative (as defined below) will promptly pay each Professional an amount (the "<u>Interim Payment</u>") equal to the lesser of (i) ninety percent (90%) of the fees and 100 percent (100%) of the expenses requested in the Monthly Fee Statement, or (ii) ninety percent (90%) of the fees and 100 percent (100%) of the expenses not subject to any partial objection.

6. <u>Objections</u>

   A. If any party objects to a Monthly Fee Statement, it must serve a written objection (the "<u>Notice of Objection to Monthly Fee Statement</u>") upon the Professional and each of the Notice Parties, so that the Notice of Objection to Monthly Fee Statement is received on or before the last day of the Objection Period.

   B. The Notice of Objection to Monthly Fee Statement must set forth the nature of the objection and the amount of fees and/or expenses at issue.

   C. If the Debtor (or any successor estate representative responsible for payment of compensation to Professionals, the "<u>Estate Representative</u>") receives an objection to a particular Monthly Fee Statement, the Estate Representative shall withhold payment of that portion of the Monthly Fee Statement to which the objection is directed, and shall promptly pay the remainder of the fees and disbursements in the percentages set forth above.

   D. If the parties to an objection are able to resolve their respective dispute(s) following the service of a Notice of Objection to Monthly Fee Statement, and the Professional and the objecting party serve upon each of the parties served with the Monthly Fee Statement as set forth above a statement indicating that the objection is withdrawn, in whole or in part, describing in detail the terms of the resolution, then the Estate Representative shall promptly pay in accordance with the percentages listed above that portion of the Monthly Fee Statement which is no longer subject to an objection.

E. If the parties are unable to reach a resolution to the objection within twenty-one (21) days after service of the objection, the affected Professional may either (a) move to compel the payment with the Court, together with a request for payment of the difference, if any, between the total amount of the Interim Payment sought and the portion of the Interim Payment as to which there is an objection (the "Incremental Amount"); or (b) forgo payment of the Incremental Amount until the next interim or final fee application, or at any other date and time so directed by the Court, at which time it will consider and dispose of the objection, if so requested.

F. Neither an objection to a Monthly Fee Statement nor the failure to object thereto shall prejudice a party's right to object to any fee application on any ground.

G. Failure of a Professional to timely serve a Monthly Fee Statement shall not prejudice such Professional in seeking interim or final allowance of fees or expenses. Further, any Monthly Fee Statement served after the deadline for such Monthly Fee Statement shall be deemed served at the time that such Professional serves a Monthly Fee Statement for such subsequent period.

7. Fee Applications

A. Parties seeking compensation pursuant to this Administrative Fee Order shall file an interim fee application for the period ending March 31, 2011 and for each four-month period thereafter ("Interim Period"). Each Professional seeking approval of its interim fee application shall file with the Court an interim application for allowance of compensation and reimbursement of expenses, pursuant to 11 U.S.C. § 331, of the amounts sought in the Monthly Fee Statement issued during such period (the "Interim Fee Application").

B. The Interim Fee Application shall comply with the mandates of the Bankruptcy Code, Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure and the MLBR except to the extent the Court's order approving the retention of such Professional waives such requirements.

C. The Interim Fee Application must be filed within forty-five (45) days after the conclusion of the Interim Period.

D. In the event any Professional fails to file an Interim Fee Application when due, such Professional will be ineligible to receive further interim payments or fees or expenses under this Administrative Fee Order until such time as the Interim Fee Application is submitted.

E. The pendency of a fee application, or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Statement, shall not disqualify a Professional from the further payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court. Additionally, the pendency of an objection to payment of compensation or reimbursement of expenses will not disqualify a Professional

from future payment of compensation or reimbursement of expenses, unless the Court orders otherwise.

F. Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on the Court's interim or final allowance of compensation and reimbursement of expenses of any Professionals. All compensation is subject to final approval by the Court.

G. Counsel for each official committee may, in accordance with the foregoing procedure for monthly compensation and reimbursement to Professionals, collect and submit statements of actual expenses incurred, with supporting vouchers, from members of the committee such counsel represents; provided, however, that such committee counsel ensures that these reimbursement requests comply with the applicable rules and those guidelines.

8. Miscellaneous

A. Any party may object to requests for payment made pursuant to this Administrative Fee Order for good cause, including, without limitation, that the Estate Representative has not timely filed monthly operating reports or remained current with its administrative expenses and 28 U.S.C. § 1930 fees.

B. The Estate Representative shall include all payments to Professionals on its monthly operating reports, including details of the amount paid to each Professional.

C. All fees and expenses paid to Professionals are subject to disgorgement until final allowance by the Court.

1274142.1